**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———

**No. 13-2526**

———

AUDIOLOGY DISTRIBUTION, LLC, d/b/a HEARUSA,

                Plaintiff - Appellant,

      v.

JILL K. HAWKINS, individually and d/b/a Hawkins Hearing, LLC,

                Defendant - Appellee.

———

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Senior District Judge. (5:13-cv-00154-FPS)

———

Submitted: June 26, 2014           Decided: July 16, 2014

———

Before KEENAN and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

———

Affirmed by unpublished per curiam opinion.

———

Theodore A. Schroeder, LITTLER MENDELSON, P.C., Pittsburgh, Pennsylvania, for Appellant. Raymond A. Hinerman, Michael A. Adams, HINERMAN & ASSOCIATES, Weirton, West Virginia, for Appellee.

———

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Audiology Distribution, LLC, which does business as HearUSA ("HearUSA"), appeals the district court's denial without prejudice of its Fed. R. Civ. P. 65(a) motion for a preliminary injunction. HearUSA contends that Appellee Jill Hawkins, who operates a competing provider of audiology services, Hawkins Hearing, violates a non-compete agreement Hawkins executed when she was employed by HearUSA. We have jurisdiction over this interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(1) and we affirm.

We review the district court's resolution of a motion for a preliminary injunction for abuse of discretion. WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave, 553 F.3d 292, 298 (4th Cir. 2009). "A preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997) (internal quotation marks and alteration omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc.,

555 U.S. 7, 20 (2008).  An injunction "is not granted as a matter of course."  Salazar v. Buono, 559 U.S. 700, 714 (2010).

HearUSA contends that the district court erred in finding that it had not established a likelihood of irreparable harm.  Specifically, HearUSA argues that the evidence indicated that it had already lost customers and goodwill as a result of Hawkins' actions, thus establishing the likelihood of damages that are not easily quantifiable.  See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley, 756 F.2d 1048, 1055 (4th Cir. 1985).

However, despite some evidence that HearUSA might have lost several customers to Hawkins, we cannot conclude the district court erred in determining that the evidence of irreparable harm was insufficient.  See PBM Prods., LLC v. Mead Johnson & Co., 639 F.3d 111, 125 (4th Cir. 2011) (defining clear error).  As the district court noted, HearUSA produced scant evidence regarding how its operations had been or might be affected should Hawkins continue to operate Hawkins Hearing. Nor did HearUSA offer any indication that the nature of its business was such that the loss of customers would result in damages that could not be accurately measured and redressed through money damages.  See Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co., 22 F.3d 546, 552 (4th Cir. 1994), abrogated on other grounds by Winter, 555 U.S.

3

7. Accordingly, although the evidence presented to the district court might well have persuaded some judges to grant a preliminary injunction, we conclude that the court acted within its discretion to require more. See Gen. Motors Corp. v. Harry Brown's, LLC, 563 F.3d 312, 319-20 (8th Cir. 2009) (explaining that "[p]art of the district court's discretion is assessing whether an alleged [irreparable] harm requires more substantial proof").

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED